**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **CHANTEA HOBSON,**<br><br>                Plaintiff,<br><br>            v.<br><br>**WAL-MART STORES EAST, L.P.,** *et al.,*<br><br>                Defendants. | Civil Action No. 22-01524 (ZNQ) (RLS)<br><br>**OPINION** |

**QURAISHI, District Judge**

This matter comes before the Court upon a Motion by Plaintiff Chantea Hobson ("Plaintiff") seeking leave to file a First Amended Complaint ("FAC") pursuant to Rule 15 of the Federal Rules of Civil Procedure ("Motion," ECF No. 16), and the Report and Recommendation ("R&R") of the Honorable Rukhsanah L. Singh, U.S.M.J. (the "Magistrate Judge") (ECF No. 31). Defendant Wal-Mart Stores East L.P. ("Wal-Mart") opposed the Motion, ("Opp'n," ECF Nos. 19, 22), and Plaintiff replied ("Reply," ECF No. 23). No opposition was filed to the R&R.

The Court has carefully considered the parties' submission and decides the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, the Court will adopt the Magistrate Judge's Recommendation to grant Plaintiff's Motion for Leave to Amend and remand the matter to the Superior Court of New Jersey, Middlesex County.

I.  **BACKGROUND AND PROCEDURAL HISTORY**[1]

Plaintiff alleges that on July 22, 2020, at approximately 6:50 p.m. she was a business invitee at Wal-Mart. *See* R&R at 1–2; (ECF No. 1, Compl. ¶ 1.) Plaintiff alleges that while walking down one of Wal-Mart's aisles Plaintiff slipped and fell on the wet floor, which caused her to sustain serious personal and permanent injuries. *Id.*;( Compl. ¶¶ 2, 8.) Thereafter, Plaintiff initiated this action on February 17, 2022, in the Superior Court of New Jersey, Middlesex County. (*See generally* Compl.) Pursuant to 28 U.S.C. §§ 1441 and 1446, Wal-Mart properly removed this matter.

On August 30, 2022, Plaintiff filed the instant Motion, seeking to add and name Toll-JM EB Urban Renewal, L.L.C. ("Toll-JM") as a defendant. (ECF No. 16.) Plaintiff argues that through discovery, she learned that Toll-JM is the owner of the premises where she was injured and is leased by Wal-Mart. (ECF No. 16, ¶ 5.) Further, Plaintiff highlights that she preserved the right to identify and substitute the fictitious entity named in the Original Complaint to Toll-JM. (ECF No. 16, ¶ 12.) In opposition, Wal-Mart argues that that the proposed joinder of Toll-JM is an attempt to defeat federal jurisdiction and the proposed amendments would be futile. (Opp'n at 10.) Critically, Wal-Mart maintains that the first, third, and fourth *Hensgens* factors weigh against Plaintiff's Motion. (*Id.* at 16.) On January 9, 2023, the Magistrate Judge issued a Report and Recommendation ("R&R") that addressed Plaintiff's Motion. (ECF No. 31.)

II.  **LEGAL STANDARD**

When a Magistrate Judge seeks to dismiss a claim either on motion or *sua sponte*, the Magistrate Judge submits a Report and Recommendation to the district court. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72; L. Civ. R. 72.1(a)(2). "Within 14 days . . . a party may serve

---

[1] For the purposes of this motion, the Court assumes as true the facts alleged in the Complaint. *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).

and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); L. Civ. R. 72.1(c)(2). The district court must make a *de novo* determination of those portions of the Magistrate Judge's Report and Recommendation to which a litigant has filed objections. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); L. Civ. R. 72.1(c)(2); *see also State Farm Indem. v. Fornaro*, 227 F. Supp. 2d 229, 231 (D.N.J. 2002). The district court may then "accept, reject or modify the recommended disposition . . ." Fed. R. Civ. P. 72(b)(3). Unlike an Opinion and Order issued by a Magistrate Judge on a non-dispositive matter, a Report and Recommendation does not have the force of law unless and until the district court enters an order accepting or rejecting it. *United Steelworkers of Am. v. N.J. Zinc Co.*, 828 F.2d 1001,1005 (3d Cir. 1987).

Additionally, when no objections are made in regard to a report or parts thereof, the district court will adopt the report and accept the recommendation if it is "satisf[ied] . . . that there is no clear error on the face of the record." Fed. R .Civ. P. 72 Advisory Committee Notes (citation omitted); *see Peerless Ins. Co. v. Ambi–Rad, Ltd.*, Civ. No. 07-5402, 2009 WL 790898, at *4 (D.N.J. March 23, 2009).

### III.   DISCUSSION

At the outset, the Court reiterates that no objections were filed in response to the Magistrate Judge's Report and Recommendation.

A motion to amend is ordinarily governed by Fed. R. Civ. P. 15. Motions for leave to amend pursuant to Rule 15(a) are liberally granted. Fed. R. Civ. P. 15(a)(2). When a party seeks to add a non-diverse defendant that would destroy diversity jurisdiction, however, courts in the Third Circuit apply 28 U.S.C. § 1447(e). *City of Perth Amboy v. Safeco Ins. Co. of Am.*, 539 F. Supp. 2d 742, 746 (3d Cir. 2008). In such a scenario, "a court must scrutinize motions to amend more carefully." *Id.* While not addressed by the Third Circuit, district courts in the Circuit "have

adopted a flexible and equitable approach developed by the Fifth Circuit Court of Appeals in *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987)." *City of Perth Amboy*, 539 F. Supp. 2d at 746.  The *Hensgens* factors are as follows; "(1) whether the purpose of the plaintiff's motion is to defeat diversity jurisdiction; (2) whether the plaintiff was dilatory in seeking to amend the complaint; (3) whether plaintiff will be prejudiced if the motion is not granted; and (4) any other equitable factors." *Stavitski v. Safeguard Props. Mgmt., LLC*, Civ. No. 17-2033, 2018 WL 501646, at *2 (D.N.J. Jan. 22, 2018) (quoting *Rodriguez v. Walmart*, Civ. No. 16-9338, 2017 WL 6508357, at *2 (D.N.J. Dec. 20, 2017).

Here, the Magistrate Judge carefully examined each of the applicable *Hensgens* factors. As to the first *Hensgens* factor, the Magistrate Judge found that when focusing on the facts of this case, the Court cannot conclude that Plaintiff's main purpose is to defeat federal jurisdiction, and indeed that it seems unlikely that Plaintiff was aware that Toll-JM was the owner of the premises prior to discovery.  (R&R at 5.)  In addressing the second factor, the Magistrate Judge found that Wal-Mart did not present arguments concerning this factor and that Plaintiff had not been dilatory in seeking to join Toll-JM.  (R&R at 6.)  As to the third *Hensgens* factor—whether Plaintiff would be significantly injured in the absence of joinder— the Magistrate Judge found that without joinder Plaintiff would be injured if she was not permitted to identify and hold liable the entities who are allegedly responsible for her injuries.  (R&R at 7.)  Finally, the Magistrate Judge did not address the fourth *Hensgens* factor because the matter is in the early stages of discovery and the issues involve state law.  Accordingly, the Magistrate Judge did not find that Wal-Mart would be prejudiced by having to proceed in state court. (*Id*.)

Next, the Magistrate Judge turned to the futility analysis required by Rule 15.  The Magistrate Judge found that although Wal-Mart heavily relies upon its agreements with Toll-JM,

4

at this stage it would be improper for the Court to consider documents extraneous to the pleadings. (R&R at 8.)  Therefore, the Magistrate Judge concluded that Plaintiff's allegations are not futile for purposes of amendment under Rule 15(a).

Given the Magistrate Judge's thorough and meticulous Report and Recommendation, and the lack of objections from Defendant, this Court will adopt the report and its reasoning.

In light of the addition of Toll-JM as a defendant, the Court concludes that it no longer has diversity jurisdiction over this matter.  Accordingly, this case will be dismissed without prejudice.

### IV.     CONCLUSION

For the reasons stated above, the Report and Recommendation will be adopted, Plaintiff's Motion for Leave will be GRANTED, and this matter will be DISMISSED WITHOUT PREJUDICE.  An appropriate Order will follow.


Date: **August 16, 2023**

                                                      s/ Zahid N. Quraishi
                                                      **ZAHID N. QURAISHI**
                                                      **UNITED STATES DISTRICT JUDGE**